UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID DOUGLAS AVERY,<br><br>    Defendant. | 3:02-CR-113-LRH-VPC<br><br>ORDER |

Before the court is petitioner David Douglas Avery's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 203.[1] The United States filed a response (ECF No. 205), to which Avery replied (ECF No. 206). Avery subsequently filed an emergency motion for a status conference. ECF No. 207. As discussed below, the court finds that supplemental briefing is required on whether Avery's claim is procedurally defaulted.

**I.  Background**

In 2003, Avery was convicted of one count of felon in possession of a firearm. ECF No. 149. His Presentence Investigation Report ("PSR") revealed five felony convictions that it classified as "violent felonies" under 18 U.S.C. § 924(e)(2)(B): (1) a Nevada burglary conviction under NRS § 205.060; (2) a California burglary conviction under Cal. Penal Code § 459; and (3) three separate Nevada robbery convictions under NRS § 200.380. PSR at 8–14. The PSR therefore concluded that Avery was an "armed career criminal" within the meaning of 18 U.S.C.

---

[1] This citation refers to the court's docket number.

§ 924(e) and that he was thus subject to a fifteen-year minimum sentence under the Armed Career Criminal Act ("ACCA"). PSR at 6. The report calculated a sentencing guidelines range of 188–235 months' imprisonment, and the court sentenced Avery to 211 months' imprisonment. ECF No. 149.

Prior to sentencing, Avery submitted a memorandum objecting to the PSR's classification of his burglary convictions as violent felonies, arguing that both the Nevada and California statutes were overbroad under the categorical approach. ECF No. 119. Avery did *not* argue that the three robbery convictions were not violent felonies under the ACCA. He instead acknowledged that three violent-felony convictions are sufficient to trigger the ACCA's sentencing enhancement but argued that the purportedly misclassified burglary convictions did not support the PSR's sentencing recommendation. *Id*. at 5. Similarly, Avery only objected to the classification of the burglary convictions during his sentencing hearing before Judge David Hagen. ECF No. 146.

Avery appealed his conviction and sentence to the Ninth Circuit Court of Appeals, but he did not challenge the classification of any of his prior convictions as violent felonies or his resulting classification as an armed career criminal. *See United States v. Avery*, opening brief, 2005 WL 926333 (2005). The Ninth Circuit granted Avery a limited remand because the district court sentenced him before the Supreme Court ruled that the sentencing guidelines are advisory in *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Avery*, 152 F. App'x 659, 661 (9th Cir. 2005). On remand, this court reinstated Avery's original sentence. ECF No. 174.

Last year, the U.S. Supreme Court issued its decision in *Johnson v. United States*, holding that the "residual clause" of the ACCA's violent-felony definition was void for vagueness. 135 S. Ct. 2551 (2015). The Court subsequently ruled that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Avery now brings this § 2255 motion, arguing that he no longer qualifies as an armed career criminal under the violent-felony definition's surviving clauses.

## II. Supplemental briefing

A threshold question in Avery's claim is whether his claim is procedurally defaulted and thus barred due to his failure to challenge his classification as an armed career criminal before the district court or the Ninth Circuit. *See United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) ("A § 2255 movant procedurally defaults his claims by not raising them on direct appeal . . . ."). "The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). Alternatively, a petitioner may overcome procedural default through "a credible showing of actual innocence . . . ." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013).

Avery argues that he satisfies both exceptions. ECF No. 206 at 4. First, Avery argues that he can demonstrate cause for not raising his arguments on direct appeal. He contends that the legal basis of his claim was unavailable to him at the time because *Johnson* explicitly overruled two prior Supreme Court decisions that upheld the ACCA's residual clause: *James v. United States*, 550 U.S. 192 (2007) and *Sykes v. United States,* 564 U.S. 1 (2011). Avery also argues that he satisfies the actual-innocence exception because, based on the substantive analysis in his motion, he is actually innocent of being an armed career criminal.

The court finds that neither party adequately briefed these issues. Because the procedural-default doctrine may potentially bar Avery's claim and render the remainder of the parties' arguments moot, the court also finds that additional briefing is appropriate. Within 20 days of this order, Avery may submit a supplemental brief that only addresses whether his claim is procedurally defaulted. The United States may submit a response within 10 days of Avery filing his supplemental brief, and Avery may submit a reply within 7 days of the United States' response.

The court also recognizes that the United States devoted its response to Avery's motion to addressing numerous threshold arguments[2] and thus did not respond to the substantive

---

[2] Aside from vaguely arguing that Avery's claim is procedurally defaulted, the United States makes two arguments: (1) Avery's claim is time barred because it actually relies on pre-*Johnson*

3

arguments in Avery's motion (i.e., that, under modern case law, his burglary and robbery convictions no longer categorically qualify as violent felonies under the ACCA's remaining clauses). For the sake of efficiency, the court requests that the United States, in its response to Avery's supplemental brief and in addition to its procedural-default arguments, either respond to these substantive arguments or represent that it does not oppose them.[3] If the United States does respond with an opposition to Avery's substantive arguments, Avery may additionally address these arguments in his reply to the United States' opposition to his supplemental brief.

The parties' supplemental briefing should address the significance, if any, of the fact that Avery's appeal to the Ninth Circuit occurred before the Supreme Court issued its decisions in *James* and *Sykes*. Additionally, the briefs should address the Ninth Circuit's decision in *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012).

### III.   Conclusion

IT IS THEREFORE ORDERED that Avery may file a supplemental brief regarding procedural default within 20 days of this order. The United States may submit a response within 10 days of Avery filing his supplemental brief, and Avery may submit a reply within 7 days of the United States' response.

IT IS FURTHER ORDERED that Avery's emergency motion for a status conference (ECF No. 207) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of October, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

cases, including *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson 2010*") and *Descamps v. United States*, 133 S. Ct. 2276 (2013) and (2) Avery has the burden of establishing that the sentencing court relied on the ACCA's residual clause and that his prior offenses do not otherwise constitute violent felonies but that he has failed to meet this burden.

[3]  If the court determines that Avery's claim is *not* procedurally defaulted, it must resolve the United States' remaining threshold arguments (*supra* n. 2) before determining whether Avery's prior offenses still constitute violent felonies under the ACCA's remaining clauses.